# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| DEMETRIUS BYRD, | ) | |
| | ) | Case No. 1:10-CR-34; 1:17-CV-73 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Demetrius Byrd's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code. (Doc. 601.) For the following reasons, Petitioner's motion will be **DENIED**.

## I.    BACKGROUND

In 2011, Petitioner pleaded guilty to one count of conspiring to distribute at least five grams of cocaine base, in violation of Title 21, Sections 841(a)(1), 841(b)(1)(B), and 846. (Docs. 285, 438.) Petitioner was subsequently classified as a career offender pursuant to United States Sentencing Guidelines § 4B1.1, based on prior Tennessee convictions for aggravated assault and possession of a controlled substance for resale. (*See* Presentence Report.) Based on application of the career-offender enhancement, the underlying offense, and Petitioner's criminal history, the Court calculated Petitioner's advisory guidelines range as 262 to 327 months' imprisonment. (*See id.*) The Government subsequently moved for a downward departure, and, on December 2, 2011, the Court sentenced Petitioner to 180 months' imprisonment. (Doc. 438.) Petitioner appealed his conviction and sentence, but the United States Court of Appeals for the

Sixth Circuit affirmed the Court's conviction and sentence on December 17, 2012. (*See* Doc. 479.)

On March 14, 2017, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code. In his motion, Petitioner argues that, based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior conviction for possession of a controlled substance for resale under Tennessee Code Annotated § 39-17-417 no longer qualifies as a controlled substance offense, thereby making application of the career-offender enhancement under United States Sentencing Guideline § 4B1.1 inappropriate. Petitioner's motion is now ripe for the Court's review.

## II.     STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.    ANALYSIS

### A.  *Timeliness of Petition*

Title 28, Section 2255(f) of the United States Code places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a

motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion pursuant to Title 28, Section 2255 of the United States Code is not timely. In his motion, Petitioner asserts that his motion is timely because he filed it within one year of the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).[1] Under Title 28, Section 2255(f)(3) of the United States Code, however, Petitioner's motion is considered timely only if *Mathis* created a newly recognized right that the Supreme Court made retroactively applicable to cases on collateral review. In *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017), the Sixth Circuit held that *Mathis* did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. To the extent Petitioner contends that *Mathis* constitutes a new "fact" supporting his claim that he discovered through the exercise of due diligence, that argument also fails. As the Sixth Circuit has explained, Title 28, Section 2255(f)(4) of the United States Code "is directed at the discovery of new facts, not newly-discovered law," and Petitioner's motion fails to identify any newly discovered facts. *See Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). Accordingly,

---

[1] Petitioner does not assert that his motion is timely under Section 2255(f)(1) or (2). The Court notes, however, that Petitioner's judgment became final on December 17, 2012, the day the Sixth Circuit affirmed his conviction and sentence, and that Petitioner did not file the instant motion until March 14, 2017—more than four years later. Additionally, Petitioner does not provide any facts suggesting that he filed his motion within one year of the removal of an impediment created by Government action in violation of the Constitution or laws of the United States.

Petitioner's motion is not timely and is barred by the one-year statute of limitations applicable to petitions for collateral relief under Title 28, Section 2255 of the United States Code.[2]

### B.  Merits of Petition

Even if Petitioner's motion were timely, his claim for collateral relief would still fail on the merits.  Relying on the Supreme Court's reasoning in *Mathis*, Petitioner argues that his Tennessee conviction for possession of a controlled substance for resale under Tennessee Code Annotated § 39-17-417 is not a predicate offense for application of the career-offender enhancement, because it criminalizes actions that do not meet the definition of a "controlled substance offense" under the United States Sentencing Guidelines.  The Sixth Circuit, however, has held, both pre- and post-*Mathis*, that a conviction for violation of Tennessee Code Annotated § 39-17-417 is a categorical controlled-substance offense for the purposes of applying the career-offender enhancement under United States Sentencing Guideline § 4B1.1.  *See United States v. Douglas*, 563 F. App'x. 371, 378 (6th Cir. 2014); *United States v. Alexander*, 686 F. App'x 326, 328 (6th Cir. 2017).  Accordingly, Petitioner has failed to demonstrate that he is entitled to relief pursuant to Title 28, Section 2255 of the United States Code.

---

[2] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations.  While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).  To be entitled to equitable tolling, a habeas petitioner must show:  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

## IV.    CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, Section 2255 of the United States Code is **DENIED**.  Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**